J-A26005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SEHN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY CHRISTINE SEHN | : | |
| | : | |
| Appellant | : | No. 7 EDA 2023 |

Appeal from the Order Entered November 3, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-19366

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 5, 2024**

Mary Christine Sehn ("Wife") appeals from the November 3, 2022 order entered in the Montgomery County Court of Common Pleas that disposed of various motions filed by Wife and Michael Sehn ("Husband") surrounding the parties' property settlement agreement ("PSA").[1]  Wife raises challenges to the trial court's contempt findings and consequent orders regarding counsel fees.  Upon review, we affirm.

The relevant factual and procedural history is as follows.  On July 7, 2021, Husband and Wife divorced after over twenty years of marriage.  The divorce decree incorporated but did not merge the parties June 15, 2021 PSA. Relevant to this appeal, the parties owned eight pieces of real estate, and the

_____

[1] This appeal was originally consolidated *sua sponte* as a cross-appeal to Husband's appeal.  This Court subsequently entered an order unconsolidating the appeals. Husband's appeal is addressed separately at 3113 EDA 2022.

PSA provided that each party would retain four pieces of real estate. Additionally, the PSA required Wife to pay Husband $25,000 and remove Husband from all mortgage encumbrances within six months, by December 15, 2021, or immediately list the properties for sale and pay the first $25,000 of proceeds to Husband. The PSA also required Wife to pay Husband the $1,700 security deposit for one of the properties that Wife managed during the marriage and Husband would now own, specifically, 117½ Second St., Bridgeport. Finally, the PSA provided, "should either party breach this agreement, the non-breaching party shall be entitled to recover reasonable attorney's fees and costs incurred in curing the breach from the breaching party as determined by the court." PSA; N.T. Hr'g, 6/15/21, at 6. Wife voluntarily entered into the PSA and never challenged the legitimacy or enforceability of the PSA.

On February 17, 2022, Husband filed a Petition to Enforce and for Contempt of Decree in Divorce averring that Wife did not release Husband as obligor on the four properties or pay $25,000 by the six-month deadline. Husband requested that the court order Wife to list the properties for sale pursuant to the PSA. Husband also averred that Wife failed to pay the security deposit at 117½ Second St., Bridgeport pursuant to the terms of the PSA.

On May 2, 2022, Wife filed an Answer and New Matter averring, *inter alia*, that Husband's claims were barred by the doctrine of unclean hands, the doctrine of accord and satisfaction, and failure to state a claim upon which relief could be granted. Wife admitted that she was delayed in paying

Husband $25,000 because she had difficulty getting approved for necessary financing due to co-signing their daughter's student loans.

On June 17, 2022, Wife filed an Emergency Motion for Special Relief to Compel Compliance with Marital Settlement Agreement by Ordering that Deeds be Executed. Wife again averred that she attempted to refinance the properties she received to have Husband removed from mortgages but had difficulty with financing. Wife further averred that on May 2, 2022, she requested through counsel that Husband execute the deeds transferring the real estate to her and he refused. Finally, Wife averred that she obtained financing through family loans and paid Husband the $25,000 owed by the PSA. Wife requested that the trial court order Husband to cooperate with signing of all deeds, cooperate in enabling Wife and lender to obtain payoff statements, and pay Wife $2,137.50 in counsel fees.

On June 21, 2022, Husband filed an Answer and New Matter. Husband replied that pursuant to the PSA, Wife was required to sell the properties if she could not obtain financing within six months. Husband requested that the trial court order Wife to list the four properties for sale pursuant to the PSA and pay Husband's counsel fees.

On November 3, 2022, after a hearing, the trial court issued an order that granted Husband's petition for contempt but denied the requested remedy of ordering Wife to sell the four properties. The court found Wife in contempt of the PSA provision requiring her to pay $25,000 to Husband and remove Husband from all mortgage encumbrances by December 15, 2021, or

- 3 -

immediately list the properties for sale and pay the first $25,000 of proceeds to Husband. The court also found Wife in contempt of the PSA provision requiring her to pay Husband the security deposit at 117½ Second Street, Bridgeport. The court further ordered Wife to pay Husband $11,700 in counsel fees. However, the trial court found Husband's request that Wife pay him $25,000 as well as the security deposit were moot because Wife had already satisfied the requirements at the time of the hearing.

In addition, the trial court granted in part Wife's new matter. The court found that Husband's claims were partially barred by the doctrine of unclean hands due to his failure to cooperate in signing deeds and provide payoff statements to assist Wife in her efforts to timely remove Husband from all existing mortgage liens and encumbrances on the four properties. The trial court denied Wife's claim that Husband failed to state a claim upon which relief may be granted but found that Husband's claims were barred by the doctrine of accord and satisfaction. The trial court further denied Wife's request for counsel fees in her June 17, 2022 emergency motion for special relief.

Wife timely appealed. Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues for our review:

1. Did the trial court err as a matter of law and/or abuse its discretion when it found Wife in contempt of court and ordered her to pay counsel fees?

2. Did the trial court err when it found Husband in contempt of court of its June 22, 2022 order but did not award Wife counsel fees?

- 4 -

Wife's Br. at 7.

In her first issue, Wife asserts generally that the trial court abused its discretion when it found her in contempt and ordered her to pay counsel fees. Wife's Pa.R.A.P. 1925(b) Statement; Wife's Br. at 20. Due to its lack of specificity, we find this claim waived.

Rule 1925 requires that a court-ordered statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge" or face waiver. Pa.R.A.P. 1925(b)(4)(ii), (vii). It is well settled that this Court can find waiver when a Rule 1925(b) statement is too vague. *In re A.B.*, 63 A.3d 346, 350 (Pa. Super. 2013). "A [Rule 1925(b) s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b) s]tatement at all." *Id.* (citations omitted).

Here, the trial court found Wife in contempt for: (1) failing to pay $25,000 to Husband by December 15, 2021; (2) failing to remove Husband from all mortgage encumbrances by December 15, 2021; and (3) failing to pay Husband the security deposit at 117½ Second Street per the provisions in the PSA. Order, 11/3/22, at ¶1. In her Rule 1925(b) statement, Wife does not identify which contempt finding she is challenging, and likewise fails to identify which element of contempt she is challenging. As a result, in its Rule 1925(a) opinion, the trial court was unable to address any of the specific

arguments that Wife now presents in her brief to this Court.[2]  Because the Rule 1925(b) statement was too vague to allow the trial court to identify the issues that Wife raises in her brief, we find Wife has waived her challenge to the court's contempt findings.  Her first issue, thus, warrants no relief.

In her second issue, Wife avers that the trial court abused its discretion when it did not award counsel fees and costs or impose other sanctions against Husband after finding Husband in contempt of court.  Wife's Br. at 26.  We conclude that this issue is also waived.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted)*; see also* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).  This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to

_____

[2] For example, Wife argues, for the first time on appeal, that there was no evidence that she acted with wrongful intent or that her inability to refinance was volitional.  Wife's Br. at 22.  Wife asserts that Husband failed to prove that he suffered any financial losses or harm during the period that Wife was attempting to refinance and that Husband's request that Wife sell the four properties is punitive.  *Id.* at 23.  Finally, Wife contends that the trial court should not have held her in contempt because the trial court found Husband in contempt on June 22, 2022, for his refusal to provide Wife access to the loan information and his refusal to execute the deeds and found that the unclean hands doctrine applied to Husband's actions.  *Id.* at 24-26.

be waived." ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted).

Wife's argument in support of this issue is substantially underdeveloped. In her Brief, Wife provides a four-paragraph argument that cites boiler-plate case law, but she fails to apply the law to the facts of this case. Wife's Br. at 26-28. We decline to act as counsel. Accordingly, Wife's second issue is waived.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/05/2024